Fisher's Estate.

Argued March 17, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Wm. F. Beatty,* with him *Austin L. George,* for appellants.

*Frederick E. Milligan,* for appellees.

PER CURIAM, April 13, 1931:

Bessie Fisher died intestate, unmarried and without issue. The court below decreed distribution of her estate to her next of kin, including relatives both on the side of her father, John Fisher, and of her mother, Anna

Loeffler Fisher. The next of kin on the mother's side excepted to the adjudication, alleging that Bessie was the illegitimate child of Anna Loeffler Fisher and that John Fisher was not her father. After taking testimony and a hearing on these contentions, the court below found that John and Anna Loeffler Fisher were legally married previous to decedent's birth and that decedent was their legitimate daughter. This appeal is from the order dismissing appellants' exceptions and from the decree of distribution.

The finding of the court below is amply supported by the record. While appellants produced testimony that decedent's birth preceded the Fisher marriage, and that she was not the daughter of John Fisher, the accounting judge who heard and saw the witnesses states in his opinion that he was not convinced their evidence was to be relied on. Moreover there was convincing oral testimony to the contrary of that of appellants as to the illegitimacy of decedent. In addition to this oral testimony the record discloses that a year before Bessie's death, Esther L. Lammay, one of appellants, on March 14, 1929, presented her petition to the Court of Common Pleas of Allegheny County, which was joined in by two sisters of John Fisher, in which it was averred that Bessie Fisher "is the only child of John J. Fisher and Annie Fisher, nee Loeffler, both of whom are deceased." The petition also included the names and addresses of the next of kin of Bessie Fisher on both her "mother's side" and her "father's side."

The decree of the court below is affirmed at cost of appellants.